# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )          Case No. CR-20-00289-JD
                                     )
TERRELL J. MILLER,                   )
                                     )
          Defendant.                 )

## ORDER

Defendant Terrell J. Miller, appearing *pro se*, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) ("Motion"). [Doc. No. 46]. In his Motion, Mr. Miller asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines ("USSG") because he was assessed two additional criminal history points ("status points"). Motion at 2. Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6 and this Court's Order [Doc. No. 49], filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 51].

The United States responded to the Motion [Doc. No. 48], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 45]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Amendment

821 does not have the effect of lowering Mr. Miller's applicable guideline range, and thus, no reduction is authorized.

## I.     BACKGROUND

On March 9, 2021, Mr. Miller pled guilty to Counts 1, 2 and 4 of a four-count Indictment. [Doc. Nos. 1, 23–27]. Counts 1 and 4 charged Mr. Miller with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Doc. Nos. 1, 23–25]. Count 2 charged Mr. Miller with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See id.* On June 14, 2021, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 32]. Counts 1, 2, and 4 were grouped pursuant to USSG § 3D1.2(c). Counts 1 and 4 (felon in possession of a firearm) carried the highest offense level and were the most serious of the counts comprising the group. PSR at ¶¶ 24–25, 36 & n.3; *see also* USSG § 3D1.3(a). Thus, the PSR calculated a total offense level of 25 for the grouped offenses. PSR at ¶ 36.

The PSR calculated a total criminal history score of 22 for Mr. Miller, which placed him in a criminal history category of VI. *See id.* at ¶ 52. As correctly noted by Mr. Miller, he was assessed an additional two "status points" because he committed the instant offense while under two criminal justice sentences imposed by the Oklahoma County District Court. *See id.* at ¶¶ 46, 48, 51. Based on a total offense level of 25 and a criminal history category of VI, Mr. Miller's advisory guideline range for imprisonment was 110 months to 137 months. *See id.* at ¶ 94.

At the sentencing hearing held on July 20, 2021, the Court adopted the PSR with two minor changes that did not affect the guideline range. [Doc. No. 38 at 1]. The Court

sentenced Mr. Miller to a term of imprisonment of 80 months as to Counts 1, 2, and 4

with all terms to be served concurrently. Judgment at 2 [Doc. No. 37]. The Court

dismissed Count 3 of the four-count Indictment on the government's motion. *See id.* at 1.

## II.      **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited

circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709

(10th Cir. 1997) (explaining that district courts lack inherent authority to modify a

previously imposed sentence absent statutory authorization); *United States v. Blackwell*,

81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to

modify [the defendant's] sentence only in specified instances where Congress has

expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible

sentence reduction for a defendant "who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a

sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and

consistent with the applicable policy statements issued by the Sentencing Commission.

*See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706

F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the

Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's

eligibility for a sentence modification and the extent of the reduction authorized.'" *United*

*States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*,

560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir.

2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is

even *authorized*"). At step two, the district court considers whether such reduction "'is

warranted in whole or in part'" based on the applicable § 3553(a) factors and policy

statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the

second step, "a matter of discretion, is whether an authorized reduction is in fact

*warranted*"). Additionally, the district court "'may consider' the defendant's post-

sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012)

(quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not

provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that

§ 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final

sentence and not a plenary resentencing proceeding" (internal quotation marks and

citations omitted)).

     If a retroactive amendment to the guidelines "does not have the effect of lowering

the defendant's applicable guideline range," a reduction in the defendant's sentence is

inconsistent with the Sentencing Commission's policy statements and not authorized by

§ 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's

term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not

consistent with [the Commission's] policy statement if . . . an amendment . . . is

applicable to the defendant but the amendment does not have the effect of lowering the

defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Miller is not eligible for a sentence reduction under Part A of Amendment 821. Relevant here, under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part A of Amendment 821, Mr. Miller's "status points" would be decreased by one, resulting in a criminal history score of 21, which still corresponds to a criminal history category of VI. Consequently, Mr. Miller would still have a total offense level of 25 and a criminal history category of VI, resulting in the same advisory guideline imprisonment range he was originally assessed—110 months to 137 months.

Because application of Part A of Amendment 821 concerning "status points" does not have the effect of lowering Mr. Miller's applicable guideline range, a reduction of his sentence would be inconsistent with the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) and unauthorized under § 3582(c)(2). Thus, this Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Miller's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the

district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the

defendant's guideline range).[1]

## III.   CONCLUSION

Accordingly, Defendant Terrell J. Miller's *pro se* Motion Pursuant to 18 U.S.C.

§ 3582(c)(2) [Doc. No. 46] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 10th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court nevertheless acknowledges Mr. Miller's progress while in the custody of the Bureau of Prisons ("BOP"), including his statements about his progress and being "on the waiting list for" BOP's Residential Drug Abuse Program ("RDAP"), and commends his efforts. *See* Motion at 3.

6